UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAN KRESS,

    Plaintiff,

        v.                             Civil Action No. 99-2887 (RWR/JMF)

THE DISTRICT OF COLUMBIA,

    Defendant.

MEMORANDUM ORDER

In this Individuals with Disabilities Act ("IDEA")[1] case, plaintiff seeks attorneys fees.

BACKGROUND

The procedural history of the case is simple. The child, then a ten year old, was diagnosed with learning disabilities. Her mother charged that the District of Columbia had failed to provide her with a free, appropriate public education and demanded that she be reimbursed for the tuition she paid to the private school the child had attended in the 1999-2000 school year. A hearing officer denied her claim and she sought review in this Court of the hearing officer's decision.

Unfortunately, problems with the administrative record prevented the court from resolving plaintiff's claim. First, the parties discovered that a portion of the tape used to record the hearing was missing. Plaintiffs sought summary judgment, insisting that the tape used to record the hearing was not complete. That was true. But, the late Judge

---

[1] 20 U.S.C. § 1400. All references to statutes are to the electronic versions that appear in Westlaw or Lexis.

Bryant, of blessed memory, rejected plaintiffs' insistence that they were entitled to summary judgment and a new hearing. He found instead that the missing portion was inconsequential. Memorandum of October 2, 2002.

Unfortunately, that was not the end of the problems. The parties then discovered that 8 of the 18 hearing exhibits were missing. The District had reconstructed what they could and urged Judge Bryant to make the plaintiff search for the 10 that were missing and file them as a supplement to the administrative record. If the missing 10 exhibits could not be found, the District indicated they would consent to a remand and a new hearing. <u>Defendant's Motion to Direct Plaintiff to Supplement the Administrative Record, or, Alternatively, for Remand for Further Administrative Hearings</u>. Plaintiff, on the other hand, asserted that the loss of the exhibits warranted a contempt citation. <u>Motion for an Order to Show Cause</u>.

While these motions were pending, the parties has a status conference before Judge Bryant and it became clear that they had reached an agreement resolving the case. They therefore filed <u>Joint Motion for Dispositive Order</u>, indicating that they had agreed to a remand to the hearing officer. Judge Bryant then signed the order the parties proposed. It provided:

> Upon consideration of representations by counsel at the December 9, 2004, Status Hearing; the Joint Motion for Dispositive Order, filed December 16, 2004; and the record herein, it is, this 21st day of December, 2004,
> **ORDERED** that the Joint Motion for Dispositive Order is granted;
> **FURTHER ORDERED** that this case is remanded back to the District of Columbia Public Schools Office of Special Education Student Hearing Office for reconsideration of the Hearing Officer's Decision, dated October 1, 1999, regarding A.K.'s placement for the 1999-2000 academic school year;
> **FURTHER ORDERED** that the Hearing Officer will receive the administrative record herein as reconstructed by the parties;

>    **FURTHER ORDERED** that Plaintiff and Defendant may introduce any relevant documentary or testimonial evidence that post-dates the Hearing Officer's Decision;
>    **FURTHER ORDERED** that the Student Hearing Officer will convene the new administrative hearing on a mutually agreed upon date within 75 days of the date of this order;
>    **FURTHER ORDERED** that, the Complaint, filed October 29, 1999, is hereby dismissed with prejudice; and
>    **FURTHER ORDERED** that Plaintiff shall have 21 days after the date of this Court's Order to file a motion for attorneys' fees.

Order dated December 22, 2004.

The District opposes the fee petition plaintiffs' counsel have now filed on the grounds that plaintiffs did not prevail and thereby are not entitled to fees under the IDEA.

## ANALYSIS

I.   <u>Plaintiffs Did Not Prevail</u>

Enough water has flowed over the <u>Buckhannon</u>[2] dam in IDEA and Freedom of Information Act cases in this Court and this Circuit to yield the well established principles that guide resolution of this case.  First, the <u>Buckhannon</u> requirement that a party prevail to establish entitlement to attorneys' fees applies to IDEA cases. <u>Alegria v. District of Columbia</u>, 391 F.3d 262 (D.C. Cir. 2004).

Second, <u>Buckhannon</u> requires that a party show that her efforts achieved a judicially-sanctioned change in the relationship between the parties that materially altered that legal relationship. <u>Buckhannon</u>, 532 U.S. at 605.

Third, that alteration must have been achieved by an enforceable judgment on the merits or a consent decree. <u>Davis v. Dep't of Justice</u>, ___ F.3d ___, 2006 WL 2411393, at *11 (D.C. Cir., August 22, 2006) ("Davis' problem is that although, to date, he has

---

[2] <u>I.e.</u>, <u>Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.</u>, 532 U.S. 598 (2001) (Herafter "Buckhannon").

received a total of 158 tapes from the government, none were produced as a result of a 'judgment on the merits' or a 'court ordered consent decree.'").

Fourth, securing an order in a FOIA case remanding a matter to an agency to fulfill a statutory responsibility within a specified date does not make the party who secured such an order a prevailing party. Substantive relief, in the form of a judicial order disallowing exemptions claimed and requiring the production of the documents plaintiff seeks, is necessary before plaintiff may be said to have prevailed. Compare Davis, 2006 WL 2411393, at *11 and Oil, Chemical & Atomic Workers Int'l Union v. Dep't of Energy, 288 F.3d 452, 456-57 (D.C. Cir. 2002) with Davy v. CIA, 456 F.3d 162, 165 (D.C. Cir. 2006) and Edmonds v. FBI, 417 F.3d 1319, 1322-27 (D.C. Cir. 2005).

Finally, a party's securing the right to have an agency perform an act within a specified time does not in itself render that party a prevailing party if the order is but an interim order and does not result in the award of substantive relief. Oil, Chemical & Atomic Workers Int'l Union, 288 F.3d at 458. Only if the acceleration required by the order can be characterized as a substantive achievement because it vindicates a statutory right or gives the party a significant temporal advantage vis a vis other applicants has plaintiff prevailed. Piper v. United States Dep't of Justice, 339 F. Supp. 2d 13, at *5 (D.D.C. 2004).

When judged by these standards, plaintiff's application falls short by a substantial margin. First, and not to lose sight of the forest for the trees, plaintiffs came to this Court looking for a reversal of the hearing officer's determination and either a remand or reimbursement of the tuition they had paid in the 1999-2000 school year. They left with their case dismissed and a remand to the agency for a second hearing. Along the way they made a motion for summary judgment that they lost. Their motion for contempt was never acted upon. When one compares what they sought and what they settled for, it

surely cannot be said that they were victorious. Indeed, if that is victory, the Washington Nationals are having a victorious season.

Second, the order dismisses the action with prejudice, meaning that the Court's responsibility with regard to this case had ended. That is the converse of the continuation of judicial enforcement of a consent decree that is described in Buckhannon. Hence, the absence of any retention of jurisdiction to enforce the terms of an agreement means that the agreement cannot be a "consent decree" as described in Buckhannon. See Smyth v. Rivero, 282 F.3d 268, 282 (4th Cir. 2002) ("Where a court merely recognizes the fact of the parties' agreement and dismisses the case because there is no longer a dispute before it, the terms of the agreement are not made part of the order and consequently serve as a basis of jurisdiction [to enforce it].").[3]

Third, the order merely required the hearing officer to first receive the administrative record as reconstructed. That was ice in the winter; what else would he do with it? The other obligation imposed, that the hearing officer permit the parties to introduce additional evidence, was not much more significant. No one has argued to me that this was an important achievement because the hearing officer could not have considered such evidence without the order.

Finally, the requirement that the hearing be convened within 75 days is insignificant. As I have explained, securing an entitlement to have the agency do something within a specified time is not sufficient in itself to make the plaintiff a prevailing party unless plaintiff also secures substantive relief. Again, no one has argued that there is something significant about the deadline set and for all I know it was no more or less that what could be expected in the ordinary process of one of these cases.

---

[3] In this decision, the Fourth Circuit understandably sees the interplay between Buckhannon and Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). The Fourth Circuit rightly concludes that unless the party secures an agreement that is specifically made enforceable in the District Court, under Kokkonen, it has not prevailed under Buckhannon.

Thus, I find that plaintiffs were not prevailing parties and their application for attorney fees should be denied.

A final word at the risk of *obiter dicta*.  I have reviewed the record in this case carefully and have found the conduct of counsel for the District exemplary.  As soon as she found that the exhibits were missing, she sought a practical solution to the problem and consented to a remand and a new hearing.  I understand that the plaintiffs have since prevailed at that hearing and accomplished everything they wanted.

As someone who makes a living settling cases and urging people to resolve their differences amicably, I find that it leaves a bitter taste to award fees against her employer when its lawyer did everything she could to keep the expense to everyone involved to a minimum.  I am not criticizing plaintiffs' counsel for seeking fees; someone has to pay the rent.  But, sometimes, it is important to win and lose with equal grace.

## CONCLUSION

Plaintiff is not a prevailing party for purposes of an award of attorneys' fees.  It is therefore, hereby,

**ORDERED** that plaintiff's Motion for Attorneys' Fees and Costs [#31] is **DENIED**.

**SO ORDERED**.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Date: